IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT GARY SOLOMON,                )
                                     )
            Plaintiff,               )
                                     )
      -vs-                           )        Civil Action No.  18-1443
                                     )
ANDREW M. SAUL,[1]                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
            Defendant.               )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

## I.      BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act.  Plaintiff filed his application alleging disability since January 11, 2011.  (ECF No. 3-7, p. 2). Administrative Law Judge ("ALJ"), Sarah Ehasz, held a hearing on April 19, 2017.  (ECF No. 3-3).  On July 17, 2017, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 3-2, pp. 14-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).  The issues are now ripe for review.

_____

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II.    **LEGAL ANALYSIS**

### A.    **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Opinion of Dr. Rabinovich

Plaintiff first argues the ALJ erred in failing to give sufficient weight to the opinion of Dr. Rabinovich, a consultative examiner. (ECF No. 8, pp. 11-13). Specifically, Plaintiff argues that the ALJ improperly substituted her opinion of Plaintiff's ability to sit for that of Dr. Rabinovich. *Id.* at p. 12. After a review of the record, I disagree.

ALJs are not required to accept medical opinions wholesale, especially when certain portions internally conflict. Here, the ALJ gave Dr. Rabinovich's opinion partial weight. (ECF No. 3-2, p. 29). Dr. Rabinovich limited Plaintiff to four hours of sitting. *Id.* The ALJ found this portion of Dr. Rabinovich's opinion to be inconsistent with his findings on examination that Plaintiff had a normal gait and strength throughout. *Id.* Internal inconsistency is a valid and acceptable reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). I find the reason given by the ALJ in weighing Dr. Rabinovich's opinion regarding Plaintiff's ability to sit was sufficiently explained and supported by substantial evidence of record. (ECF No. 3-2, pp. 21-29). Therefore, I find the ALJ did not err in this regard. Consequently, remand is not warranted on this basis.

C.     **VA Rating Decisions**

Plaintiff received various disability ratings from the Department of Veterans Affairs. (ECF No. 8, p. 13).  To that end, Plaintiff argues that the ALJ "did not give proper weight to the decision of the Department of Veterans Affairs…."  (ECF No. 8, pp. 13-14).  A decision rendered by the VA is relevant and should not be ignored.  Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight."  *Kane v. Heckler,* 776 F.2d 1130, 1135 (3d Cir. 1985). Of course, a decision by another governmental agency that an individual is disabled is not binding upon the ALJ.  *See,* 20 C.F.R. §§404.1504, 416.904; *see also, Pratts v. Comm'r of Soc. Sec.,* Civ. No. 13-2372, 2015 WL 5139148 at *14 (D.N.J. Sept. 1, 2015); *Alston v. Astrue,* Civ. No. 10-839, 2011 WL 4737605 at *5 (W.D. Pa. Oct. 5, 2011).  In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.'"  *Malcom v. Barnhart,* 448 F.Supp.2d 595 (D. Del. 2006), *quoting, Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001); 20 C.F.R. §404.1512(b)(1)(v).  Thus, an ALJ may give less weight to a VA disability rating so long as the ALJ sets forth specific and valid reasons for doing so and that those reasons are supported by substantial evidence of record. *Chambliss,* 269 F.3d at 522 (ALJ must "adequately explain the valid reasons for not" giving great weight to a VA rating).  Therefore, it is reversible error "where 'the ALJ rejected the V.A. determination solely on the differences between the standard for disability between the V.A. and the SSA, with no analysis of the facts.'"  *Pratts,* 2015 WL 5139148 at *15 (internal citations omitted).

In this case, Plaintiff asserts that the ALJ erred in failing to consider "the VA's rating criteria in assigning the VA decision only minimal weight."  (ECF No. 8, p. 14).  I disagree.  The ALJ clearly considered Plaintiff's VA disability ratings and evaluations as she addressed them in her decision.  (ECF No. 3-2, p. 30).  An ALJ is required to consider a VA decision in connection

with the totality of the evidence of record before him/her. While there is no formulaic or magic language an ALJ must follow when considering a VA decision, an ALJ must weigh the VA Rating and sufficiently discuss the reason(s) for the weight given such that this court can conduct a meaningful review.

In discussing the VA's decision, the ALJ recognized that Plaintiff received disability benefits and ratings pursuant to the VA guidelines. (ECF No. 3-2, p. 30). Additionally, the ALJ recognized that the ratings are not binding since the criteria applied by the VA is different from the Social Security Administration. *Id.* Then, the ALJ weighed the VA ratings and explained that she gave minimal weight to the VA's disability ratings because the ratings did not contain "function-by-function limitations applicable to determining the claimant's vocationally relevant physical or mental limitations," and when considered and accessed along with the overall record in its entirety, "the medical evidence of record failed to show that he had 'disabling' functional limitations that resulted from his physical and mental impairments under Social Security policies and guidelines." (ECF No. 3-2, p. 30). Plaintiff suggests that this is not specific enough to allow a meaningful review. (ECF No. 8, p. 14). After a review of the record, I find the ALJ specifically and thoroughly went through the totality of evidence, including the reason for discounting the VA disability ratings, such that I am able to make a meaningful review. Further, I find her decision is supported by substantial evidence. Therefore, I find no error in this regard.

### D. Plaintiff's Subjective Complaints

Plaintiff also argues that the ALJ erred in failing to give proper weight to Plaintiff's subjective complaints. (ECF No. 8, pp. 15-17). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case

record.  SSR 16-3p.[2]   Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. §§404.1529(c), 416.929(c).  The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Specifically, Plaintiff argues that the ALJ erred by placing an "inordinate emphasis" upon his ability to perform activities of daily living.  (ECF No. 8, pp. 16-17).   To that end, Plaintiff asserts the ALJ cherry picked certain statements over others.  (ECF No. 8, p. 17).  Contrary to

_____

[2] Plaintiff suggests that the ALJ erred in citing to and applying SSR 96-4p rather than SSR 16-3p in assessing Plaintiff's subjective complaints.  (ECF No. 8, pp. 15-16).   In assessing complaints, SSR 16-3p removes the term "credibility," clarifying that the subjective symptom evaluation is not an examination of an individual's character but rather an ALJ is to "consider all of the evidence in an individual's record…to determine how symptoms limit ability to perform work-related activities."  *Id.* at *2.   In so doing, an ALJ is to use a two-step process.  *Id.* at *2-33.  Thus, after an ALJ finds "that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms", the ALJ shall then consider all of the evidence in the record when they evaluate the intensity and persistence of symptoms to determine how "symptoms limit [the] ability to perform work-related activities."  *Id.*   In this regard, and to the extent relevant and available, the ALJ should consider objective medical evidence, individual statements, other medical sources, non-medical sources, the factors set forth in 20 C.F.R. §404.1529(c)(3) and §416.929(c)(3) including daily activities, the location, duration, frequency and intensity of pain or other symptoms, factors that precipitate and aggravate the symptoms, the type dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms, treatment, other than medication, an individual receives or has received for relief of pain or their symptoms; any measures other than treatment used to relieve pain or other symptoms; and any other factors concerting an individual's functional limitations and restrictions due to pain or other symptoms.  *Id.* at *4-7.
    The ALJ in this case cites to 20 C.F.R. §404.1529 and while she cites to SSR 96-4p, a reading of the opinion demonstrates that the opinion is consistent with and followed the essence of SSR16-3p. (ECF No. 3-2, pp. 14-32).  The ALJ applied the two-part test to the individual facts of this case using the factors set forth above.  *Id.* Thus, I find no merit to this argument.

Plaintiff's position, I find that the ALJ appropriately discussed the portions of the record while weighing the evidence. 20 C.F.R. §404.1527. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). Additionally, to be clear, a plaintiff need not be pain-free or symptom-free to be found not disabled.

After a review of the record, I find that the ALJ followed the proper method as set forth above. (ECF No. 3-2, pp. 21-30). While assessing the intensity, persistence, and limiting effects of Plaintiff's symptoms, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be not entirely consistent. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's symptoms as required by 20 C.F.R. §§416.929 and SSR 16-3p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision that Plaintiff's complaints are not entirely consistent with the medical evidence. (ECF No. 3-2, pp. 21-30). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT GARY SOLOMON,                    )
                                        )
          Plaintiff,                    )
                                        )
     -vs-                               )          Civil Action No.  18-1443
                                        )
ANDREW M. SAUL,[3]                      )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
          Defendant.                    )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of January, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 7) is denied and Defendant's Motion for Summary Judgment (ECF No. 9) is granted.

                              BY THE COURT:

                              s/  Donetta W. Ambrose
                                 Donetta W. Ambrose
                                 United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.